Law Offices of Ira S. Newman
*Attorneys for Plaintiff Evanthia Valiotis*
98 Cutter Mill Road, Suite 441-South
Great Neck, New York 11021
(516) 487-7375
Ira S. Newman, Esq.
Andrew S. Holland, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re                                              **Chapter 7**
                                                   Case No. 1-11-42785-jbr

CONSTANTINE PSAROUDIS,

                              Defendant.
-------------------------------------------------------------------X

EVANTHIA VALIOTIS,

                              Plaintiff,            Adv. Proc. No.

        -against-

CONSTANTINE PSAROUDIS, a/k/a
CONSTANTINO PSAROUDIS,

                              Defendant.
----------------------------------------------------------------X

## COMPLAINT

Plaintiff Evanthia Valiotis, as a creditor of the estate in bankruptcy of Debtor Constantine Psaroudis (hereinafter "Defendant"), by and through her undersigned counsel, The Law Offices of Ira S. Newman, as and for her Complaint against the above-named defendant, alleges and states as follows:

### NATURE OF ACTION

1.      This is an adversary proceeding commenced pursuant to 11 U.S.C. §§ 727(a)(2)(A); (a)(2)(B); (a)(3); (a)(4)(A); (a)(4)(B); (a)(5); (a)(6)(A); and (a)(11), and Federal

Rules of Bankruptcy Procedure 7001(4) and 7003, objecting to, and seeking a denial of, Defendant's discharge.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b) because this adversary proceeding arises in and under Defendant's Chapter 7 case that is currently pending in the United States Bankruptcy Court for the Eastern District of New York.

3.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (J).

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) because this action arises under a case filed pursuant to Title 11 of the United States Code in the Eastern District of New York.

## PARTIES

5.      Plaintiff Evanthia Valiotis is an individual residing in Queens County, New York, located within this District.

6.      Upon information and belief, defendant Constantine Psaroudis, a/k/a Constantino Psaroudis, is an individual residing within Queens County, New York, located within this District

## FACTS COMMON TO ALL CAUSES OF ACTION

7.      On August 13, 2008, Defendant, and his wife, Vassiliki Psaroudis, as joint-debtor, filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of New York under case number 08-45278-dem. Defendant and his wife filed that petition by way of their counsel, George E.

Bassias, Esq. In that petition, Defendant and his wife declared that they possessed real property located at 13-19 145th Place, Whitestone, NY 11357, valued at $700,000.00, they owed $349,139.00 in debts to secured creditors, and they owed $53,798.00 in non-priority debts to unsecured creditors. Defendant and his wife declared that they possessed a checking account held with Chase Bank with a balance of $1,500.00, a "401k plan w/ union" valued at $80,000.00, and a total of thirteen unsecured creditors consisting of credit card issuers. Defendant and his wife declared that the annual income earned by Defendant in 2007 based upon his tax return was $87,000. They further declared that the Defendant's average monthly income at the time that case was filed was $6,580.00. This sum annualizes to $78,960.00.

8. By motion dated December 5, 2008, Defendant and his wife sought a voluntary dismissal of their Chapter 13 case. In an order dated December 9, 2008, this Court (Dennis E. Milton, J.), granted that motion.

9. On October 19, 2010, a judgment was entered in the Supreme Court of the State of New York, Queens County (Roger N. Rosengarten, J.), under Queens County Index Number 3984/2008, finding Defendant liable to Plaintiff for the sum of $85,470.72 following his default in that matter, jointly and severally with three co-defendants. This judgment was unanimously affirmed by the Supreme Court of the State of New York, Appellate Division, Second Department, in an order dated November 3, 2010. Valiotis v. Psaroudis, 78 A.D.3d 683 (2d Dept. 2010), lv. denied, 16 N.Y.3d 713 (2011).

10. On April 4, 2011, Defendant commenced this case by filing his voluntary petition for relief under Chapter 7 of Title 11 of the United States Code. David J. Doyaga, Esq., has been appointed the bankruptcy trustee for unsecured creditors in this proceeding. In the petition, Defendant stated that the present value of his property at 13-19 145th Place in Whitestone, New

York, is $485,000.00. He asserted that he possessed one checking account with Chase Bank with a balance of $200.00, and that his "401 k with union" still had a balance of $80,000.00. Defendant listed ten unsecured debts to credit card issuers, many of which were precisely the same sum as were listed for the same accounts in the first petition. On his Statement of Financial Affairs, Defendant listed his income for each of 2010 and 2009 as having been $87,000.00. In Part III of the Chapter 7 Statement of Current Monthly Income and Means-Test Calculation, Defendant indicated that his monthly gross wages, salary, tips, bonuses, overtime, and commissions is $6,840.00 per month, and that his household size is 5.

11.     Plaintiff is the creditor with the largest unsecured debt from Defendant.

**A.**          **The Section 341 Meeting of Creditors**

12.     On May 13, 2011, a meeting of creditors was held before Mr. Doyaga in this Court. At that meeting, Defendant and his attorney, as well as Andrew S. Holland, Esq., of the Law Offices of Ira S. Newman, and Andrew Moulinos, Esq., unaffiliated with the Law Offices of Ira S. Newman, were both present on behalf of creditor Evanthia Valiotis. 13.     At the meeting of creditors, Defendant produced a New York State driver license indicating that his home address was his "in-laws' vacation home," and that he had lived there between 2004 and 2005 but "never changed it." That address was listed as 405 Barley Lane, Southold, NY 11971 (3, 28).

14.     Defendant further stated that he formerly owned a single-family house located at 14-20 146th Street in Whitestone, New York 11357, and that he sold the house in 2007 for approximately $680,000-690,000. Defendant stated that approximately $370,000 of the proceeds satisfied the mortgage on the property, and that the remainder was given to his sister and his parents; approximately $150,000 to his sister, Athina Psaroudis, and the balance to his parents, Theodora Psaroudis and Antonios Psaroudis. Defendant stated that those payments were gifts.

4

15.     Defendant was also asked about property at 137 Franklin Street in Brooklyn, New York, owned by a 137 Franklin Street, LLC. Defendant's parents are shareholders of that limited liability company.

16.     In response to questioning by Plaintiff's counsel, Defendant stated that he is "not involved with" the corporation who owns that property "at all." He was asked by counsel whether his parents had involvement with the property, to which he responded, "I don't know". The Trustee then asked whether Defendant had involvement with the property, to which he replied, "No." The Trustee further asked whether he had involvement with "the owners of the property," to which he replied that he did, prompting the Trustee to warn him, "[y]ou can't get through it unless you're honest. You have to be honest." Defendant then admitted that his parents were the owners of the property, but claimed that, other than that connection, Defendant had no involvement with the property. Defendant later said, that his parents "don't control" the corporation, and that "[t]hey're shareholders." He claimed that he did not know whether they were sole shareholders of the property. Defendant later stated that he has never owned a business. Finally, the meeting of creditors was adjourned without conclusion. The Trustee told Defendant's counsel that "the adjourn date is an actual date . . . unless somebody is ill or something." Mr. Doyaga instructed Defendant to provide proof of the monies that he gave to his sister from the proceeds of the sale of his house, and also directed, "I do want proof that the parents got the other 150 [thousand dollars]. He has to show that. He has to show the other 150 [thousand dollars]." In addition, the Trustee directed Defendant to provide the 2007 statement of the closing and sale of a property that he owned at 14-20 146th Street in Whitestone, New York.

17.     In a letter to David J. Doyaga, Esq., the Chapter 7 trustee, dated June 28, 2011, Mr. Bassias provided a collection of documents which were responsive to some—but not all—of

the documents that Mr. Doyaga had requested that Mr. Bassias provide. These included closing documents pertaining to Defendant's sale of one parcel of real property, Defendant's sister's purchase of another parcel of real property, and a collection of photocopies of checks, some of which appeared to pertain to Defendant's sister's purchase of real property. This letter is electronically filed in the underlying bankruptcy proceeding under Docket entry 17.

18.     The meeting of creditors reconvened on July 8, 2011, at 12:30 p.m. The Trustee and Plaintiff's counsel were present, however neither Defendant nor his attorney appeared.

**B.**     **The motion for a Rule 2004 Examination and efforts to obtain ordered documents**

19.     In papers dated June 16, 2011, Plaintiff moved for an Order directing Defendant to appear at a Rule 2004 examination and to produce several documents necessary to be reviewed prior to, and as part of, the Rule 2004 examination. In papers dated June 21, 2011, Plaintiff moved for an Order extending her deadline to object to discharge from July 12, 2011, to October 12, 2011.

20.     Plaintiff appeared through her attorneys in this Court on July 8, 2011, for the adjourned Section 341 meeting. Neither Defendant, nor his then-attorney, appeared at that meeting.

21.     On July 18, 2011, this Court held a hearing on Plaintiff's then-pending applications for a Rule 2004 examination and an enlargement of her time to object to discharge. Defendant and his then-attorney, George E. Bassias, Esq., were present in court during that appearance. In simultaneous orders dated July 18, 2011, this Court granted both of Plaintiff's applications in their entirety (the Order granting the Rule 2004 examination is referred to herein as "the July 18, 2011 Order"). The Order granting the Rule 2004 examination, also directed the production of documents to the Law Offices of Ira S. Newman, which were as follows:

a) Copies of statements pertaining to all unsecured debts listed in Schedule F of Defendant's 2008 petition, from January 1, 2008, through December 31, 2008.

b) Copies of statements pertaining to all unsecured debts listed in Schedule F of Defendant's instant petition, from January 1, 2008, through the present.

c) Copies of any and all bank statements, cancelled checks, and wire transfers pertaining to every bank account individually or jointly held by Defendant, from March 9, 2005, to the present.

d) Copies of closing statements, contracts of sale, and/or any other documents evidencing transfer of deed pertaining to Defendant's purchase of the property located at 13-19 145th Place, Whitestone, New York.

e) Copies of closing statements, contracts of sale, and/or any other documents evidencing transfer of deed pertaining to Defendant's sale of the property located at 14-20 146th Street, Whitestone, New York, on or about August 1, 2007.

f) Copies of any cancelled checks, wire transfers, receipts, or other instruments evidencing payment to Defendant upon the sale of his property located at 14-20 146th Street in Whitestone, New York, that occurred on or about August 1, 2007.

g) Copies of all documentation evidencing the transfer, gifting, or other payment of any of the proceeds from the sale of Defendant's property located at 14-20 146th Street, Whitestone, New York, to Athina Psaroudis, Theodora Psaroudis, Antonios Psaroudis, and/or any other individuals, companies, or other entities.

h) Copies of any forms NYC-RPT or TP-584 filed by or on behalf of Defendant pertaining to his sale of the property located at 14-20 146th Street, Whitestone, New York.

i)   Copies of any and all statements, bills, or invoices, pertaining to the secured debts listed in Schedule D of the instant petition, from January 1, 2008, through the present.

j)   Copies of all federal, state, and/or local individual income tax returns filed by or on behalf of Defendant individually, jointly, or otherwise, from January 1, 2007 through the present.

k)   Copies of any and all Internal Revenue Service forms W-2, 1099-MISC, 1099-INT, and/or 1099-DIV, issued to Defendant by any entity that has paid monies to Defendant from January 1, 2007 through the present.

l)   Copies of any and all pay stubs, check stubs, or other documents evidencing payment of salary, wages, or other compensation to Defendant from January 1, 2011, through the present.

m)   Copies of any and all statements pertaining to any retirement savings accounts governed by Section 401(k) of the Internal Revenue Code, in Defendant's interest, for all statement periods in 2008, and for all statement periods from January 1, 2011 through the present.

n)   Copies of any and all invoices, work orders, bills, and/or receipts from any contractors, home repair companies, or otherwise, evidencing any repairs, construction, or landscaping performed on the structures and/or land located at 13-19 145th Place, Whitestone, New York.

o)   A copy of Defendant's marriage certificate evidencing his marriage to Vasiliki Psaroudis, who is asserted to be Defendant's wife.

p)   A copy or the birth certificates evidencing the birth of the two children that Defendant claims as his son and daughter in his petition.

This Order is electronically filed in the underlying bankruptcy proceeding under Docket entry 30.

22.     By way of letter dated July 22, 2011, sent by facsimile and first class mail that same day, the undersigned contacted Mr. Bassias and asked that the documents referenced in this Court's July 18, 2011 Order be provided to Andrew S. Holland at the Law Offices of Ira S. Newman on or before August 12, 2011.

23.     By way of letter dated August 3, 2011, Mr. Bassias sent the undersigned a "response" to this Court's July 18, 2011 Order. The letter contained no documents, whatsoever, but set forth synopses responding to each court-ordered document, including that Defendant did not possess certain documents, but would "cooperate in terms of needed authorizations to be attached to any subpoenas," that he had already provided certain documents, and that he would be providing other ordered documents.

24.     By way of letter dated August 16, 2011, the undersigned informed Mr. Bassias that, contrary to his assertions otherwise, Mr. Bassias had actually previously provided nearly nothing with the June 28, 2011 letter to the trustee that would have been responsive to this Court's order. The undersigned further explained that although Mr. Bassias had offered to provide all necessary authorizations for the undersigned to subpoena certain bank documents from financial institutions, it was not Plaintiff's responsibility to seek out the documents that this Court directed Defendant to produce. The letter requested that Mr. Bassias provide all documents that were compliant with this Court's Order by August 26, 2011, and informed Mr. Bassias that if the documents were not received by that date, relief would be sought from the Court.

25.     By letter dated August 17, 2011, Mr. Bassias acknowledged receipt of the undersigned's August 16th letter, claimed that Defendant possessed no additional documents,

and stated that he "instructed Defendant to get copies of everything he has in the court order." He reiterated his offer to provide "authorizations" with respect to this firm obtaining certain documents.

26.    On August 26, 2011, the undersigned received a telephone call from Karamvir Dahiya, Esq., who stated that he had just been retained by Defendant and that Mr. Bassias was no longer handling Defendant's bankruptcy. Mr. Dahiya asked by what date the undersigned sought compliance with this Court's order, and I informed him that in our most recent correspondence to Mr. Bassias, we had asked that he comply by that same day. Mr. Dahiya stated that he would be unable to comply by then, but assured the undersigned that he would be providing the ordered documents by August 31, 2011. The undersigned afforded counsel this additional time.

27.    Mr. Dahiya never provided the documents. On September 1, 2011, the undersigned telephoned Mr. Dahiya and inquired as to the status of the documents. Mr. Dahiya assured the undersigned that the documents would be provided by September 8, 2011. Mr. Dahiya also asked that the undersigned provide him a copy of this Court's order directing the production of documents. The undersigned asked whether, in light of the delay Defendant and his attorneys had caused in the undersigned receiving the ordered documents, Mr. Dahiya would stipulate to an extension of Plaintiff's time to object to discharge from October 12, 2011, to January 12, 2012. Mr. Dahiya stated that he would speak with Defendant and let the undersigned know whether he would stipulate to the extension. The undersigned impressed upon Mr. Dahiya the importance of Defendant's immediate compliance with this Court's Order.

28.    The undersigned followed up with an email on September 1, 2011, containing a letter, a copy of this Court's July 18, 2011 Order directing the Rule 2004 examination and the

production of documents, and a proposed stipulation to extend Plaintiff's time to object to discharge. The letter advised Mr. Dahiya that while the undersigned was cognizant that he was only recently retained in this case, an inordinately lengthy delay had already passed, and that, therefore, Defendant's non-compliance extended well beyond the limited time that Mr. Dahiya represented Defendant. The letter also informed Mr. Dahiya that an extension of time to object to discharge was needed in light of Defendant's failure to provide any of the ordered documents, and stated that if Mr. Dahiya failed to respond by September 8, 2011, Ms. Valiotis would have no choice but to seek relief from this Court.

29.    On September 6, 2011, Plaintiff, through the Law Offices of Ira S. Newman, filed a Proof of Claim with this Court, claiming the sum of $88,996.09.

30.    Mr. Dahiya never responded to the undersigned's email, by telephone, correspondence, or otherwise, until after Plaintiff's motion for contempt.

## C.    The Motions for Contempt and a Second Extension of Time to Object to Discharge

31.    By motions dated September 13, 2011, Plaintiff moved for an order holding Defendant and/or his attorneys in contempt for their willful and repeated failure to comply with this Court's July 18, 2011, Order, and for an order granting a second extension of her time to object to discharge. The motion argued that despite repeated, concerted efforts to obtain necessary documents in order to prepare for the Rule 2004 examination, Defendant had provided very few documents responsive to this Court's Order.

32.    On September 16, 2011, the undersigned telephoned Mr. Dahiya to return a telephone call that he had placed. During that telephone call, Mr. Dahiya expressed anger over the documents contained in this Court's Order, particularly the directive that Defendant produce his children's birth certificates, but stated that he would nonetheless comply.

33.     In papers dated September 29, 2011, Mr. Bassias submitted an affirmation in opposition to the contempt motion, stating that he advised Defendant to obtain the ordered documents, and stated that "it has always been Defendant's counsel [sic] intention to fully comply with the discovery order."

34.     On October 27, 2011, Mr. Dahiya submitted affirmations in opposition to Ms. Valiotis's motions for contempt and for a second extension of her to time to object to discharge.

35.     This Court heard argument on the motions for contempt and for a second extension of time to object to discharge on October 27, 2011. The Court struck Mr. Dahiya's affirmations as untimely and heard argument on the motion. The Court adjourned the contempt motion off calendar, and ordered that the Rule 2004 examination be held on December 7, 2011, and that all documents that Defendant was directed to product be turned over to Ms. Valiotis's attorneys on or before November 30, 2011.

**D.     The Rule 2004 examination and the production of documents**

36.     By telephone call on November 29, 2011, Mr. Dahiya informed the undersigned that he and Mr. Bassias had instructed Defendant to obtain documents and provide them to the undersigned. Via emails on December 1, 2011, after the undersigned had agreed to permit Defendant until December 1, 2011, to provide the documents, several documents were provided. There were still, however, outstanding documents that the undersigned had not received. By way of letters to Mr. Dahiya, the undersigned informed him that Defendant still had not provided several documents ordered by this Court. The documents whose production was still outstanding were the following:

a)  Cancelled checks, wire transfers, receipts, or other instruments evidencing payment to your client upon the sale of his property located at 14-20 146th Street. Mr. Bassias provided the closing statement, but no copies of actual instruments or receipts have been provided.

b) Documentation evidencing the transfer, gifting, or payment of the proceeds of the sale of 14-20 146th Street to Theodora or Antonios Psaroudis. Your client stated, at the Section 341 meeting, that roughly half the proceeds of the sale of that property went to his parents, yet Mr. Bassias only provided documentation evidencing monies paid on behalf of Athina Psaroudis, your client's sister, for her purchase of the property in Bayside.

c) Copies of statements, bills, or invoices pertaining to the secured debts listed in Schedule D of the instant petition have not been provided.

d) Copies of statements pertaining to the accounts listed in Schedule F of the 2008 and 2011 petitions.

e) Statements and checks pertaining to Chase Bank account ending in 3565 for the years years 2005, 2006, and 2011.

f) All statements and checks pertaining to Chase Bank account number ending in 0893 for the years 2005, 2006, 2007, 2008, 2009, 2010, and 2011.

37.     None of those documents was provided by counsel or Defendant, himself, prior to the commencement of the Rule 2004 examination.

38.     On December 7, 2011, a Rule 2004 examination of Defendant was begun at 98 Cutter Mill Road, Great Neck, New York 11021. During that examination, Defendant was examined by Andrew S. Holland, Esq., and Andrew Moulinos, Esq., both counsel for Plaintiff.

39.     During the Rule 2004 examination, Defendant made multiple statements under oath, that contradicted prior sworn statements, were independent dishonest statements, or otherwise evidenced that defendant is not entitled to a discharge in bankruptcy.

40.     Defendant's statements are detailed more at length herein to the extent that they are relevant to the specific causes of action contained herein. In brief, defendant's statements included, but were not limited to, (a) defendant's bankruptcy petition was rife was errors and misstatements, which defendant attempted to explain away either by stating that he never read the petition or that his attorney instructed him to answer a question in a particular manner, (b) defendant was and is intimately involved in the day-to-day operations of 137 Franklin Street,

LLC, (c) defendant's parents were the sole shareholders of 137 Franklin Street, LLC, defendant's 2009 and 2010 income, reported as $87,000.00 in his petition, was understated by as much as $40,000.00, (d) the balance of defendant's retirement account held by his union, reported as $80,000, was understated by more than $50,000.00, (e) defendant has access to, and check-writing privileges on, a bank account held by 137 Franklin Street, LLC, (f) defendant possessed a checking account for which he failed to provide ordered statements and cancelled checks, and which he failed to reveal until confronted with evidence of its existence, (g) defendant inflated the sum owed to one of his unsecured creditors, and (h) defendant only filed the instant bankruptcy petition because of Plaintiff's judgment against him, and, were it not for that, he was engaged in a plan to pay his other unsecured debts.

41.     The instant complaint is timely, as Plaintiff's time to object to defendant's discharge expires on March 13, 2012.

## AS AND FOR A FIRST CAUSE OF ACTION FOR DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)(A)

42.     Pursuant to 11 U.S.C. § 727(a)(2)(A), a Defendant can be denied a discharge where, "with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the Defendant, within one year before the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(A).

43.     As and for a first basis for this cause of action, Defendant has either concealed, or permitted to be concealed, property within one year before the date of filing in that he reported that the balance on his retirement account on deposit with the Deferred Salary Plan of the

Electrical Industry was $80,000.00, when, in actuality, it was approximately $172,350.37, at the time of filing, which is more than double the amount declared in the bankruptcy petition.

44.    Upon information and belief, the concealment of the balance of Defendant's retirement account was committed with intent to hinder, delay, or defraud a creditor or an officer of his estate in bankruptcy, in that he was willfully attempting to conceal the total sum of monies he possesses.

45.    As and for a second basis for this cause of action, Defendant has further either concealed, or permitted to be concealed, property within one year before the date of filing in that he reported that he possessed funds on deposit with Chase Bank in the sum of $200.00 as of the time of the filing of his petition.

46.    Upon information and belief, at the time of the filing of the petition, Defendant had anywhere between two and five accounts on deposit with Chase Bank, which could have included any combination of: two checking accounts, one money market savings account, and two savings accounts. Upon further information and belief, at the time of the filing of the petition, the combined balances of those accounts far exceeded the reported value, which was $200.00.

47.    Upon information and belief, the concealment of the aggregate balance of Defendant's accounts on deposit with Chase Bank was committed with intent to hinder, delay, or defraud a creditor or an officer of his estate in bankruptcy, in that he was attempting to conceal the existence of other bank accounts, and was attempting to conceal the actual sum of monies that he possesses in those accounts.

48.    As and for a third basis for this cause of action, Defendant has further either concealed, or permitted to be concealed, property within one year before the date of filing in that

he reported in section 14 of the Statement of Financial Affairs in his petition that he does not hold or control and property owned by another person.

49.    During his Rule 2004 examination, Defendant admitted that he accepts rents from tenants on behalf of 137 Franklin Street, LLC, that he possesses a debit card associated with a bank account held by 137 Franklin Street, LLC, that he writes checks from that account, and that he writes checks on his own accounts on behalf of 137 Franklin Street, LLC. Defendant further admitted that he directs 137 Franklin Street, LLC's tenants to mail rent checks directly to him at his home address.

50.    Upon information and belief, the concealment of the fact that Defendant holds or controls property owned by 137 Franklin Street, LLC, was committed with intent to hinder, delay, or defraud a creditor or an officer of his estate in bankruptcy, in that Defendant's holding and control of the property held by 137 Franklin Street, LLC was not disclosed with the intent to fraudulently conceal assets that are controlled by Defendant, and/or possible assets and accounts through which he could have fraudulently conveyed or sequestered assets.

51.    Each of the separate articulated bases for this cause of action individually, jointly, and severally, constitutes a basis to deny defendant a discharge.

### AS AND FOR A SECOND CAUSE OF ACTION FOR
### DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)(B)

52.    Plaintiff repeats and realleges paragraphs 1 through 51 as if set forth at length herein.

53.    Pursuant to 11 U.S.C. § 727(a)(2)(B), a Defendant can be denied a discharge where, "with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed,

or has permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the Defendant, . . . after the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(B).

54.    Defendant has either concealed, or permitted to be concealed, property after the date of the filing of the petition in that, during the Rule 2004 examination, he stated that he only had one checking account, and could not recall any checking accounts, other than his main checking account ending in 3565, that he possessed in the ten years prior to the Rule 2004 examination. Yet, he admitted that an additional account, ending in 0893, through which a substantial portion of the proceeds of the sale of his real estate at 14-20 146th Street in Whitestone, New York, was dispersed, existed during that time. Defendant admitted that his claim that he only possessed one checking account was "an untrue statement." Moreover, he had only provided bank statements pertaining to the account ending in 3565 in response to this Court's July 18, 2011, Order.

55.    Upon information and belief, the concealment of the fact that Defendant had a second checking account, through which disbursements to his family were made, was committed with intent to hinder, delay, or defraud a creditor or an officer of his estate in bankruptcy, in that substantial sums of money had been transferred through that account from the account that Defendant disclosed, and had been comingled with his disclosed account.

**AS AND FOR A THIRD CAUSE OF ACTION FOR**
**DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(3)**

56.    Plaintiff repeats and realleges paragraphs 1 through 55 as if set forth at length herein.

57.    Pursuant to 11 U.S.C. § 727(a)(3), a Defendant can be denied a discharge where "the Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the

Defendant's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." 11 U.S.C. § 727(a)(3).

58.     As and for a first basis for this cause of action, Defendant admitted during the Rule 2004 examination that he does not possess any statements pertaining to any of the unsecured debts he lists in his petition pertaining to credit card accounts.

59.     The statements pertaining to Defendant's credit card accounts are records from which is financial condition or business transactions might be ascertained.

60.     Defendant's failure to keep or obtain such documents constitutes concealment, destruction, mutilation, and/or failure to keep or preserve those documents, and such act or failure to act is not justified under any circumstances in this case.

61.     Upon information and belief, Defendant's claim that he attempted to obtain statements from every single credit card issuer, and that every single attempt was unsuccessful because every single issuer has destroyed their records because the accounts have been submitted to collections agencies, is mistaken, untrue, or deceitful, particularly because, but not limited to, the facts that (a) Defendant has provided no proof of the fact that each and every one of his credit card issuers have destroyed their records pertaining to his account, (b) at least one credit card issuer—Discover Bank—has filed a proof of claim in this case on its own behalf, rather than by way of an independent collection agency, and (c) it strains credulity that any, much less every single one, of Defendant's credit card issues has purged its files pertaining to Defendant's account merely because some of them may have been referred to collection agencies.

62.     As and for a second basis for this cause of action, Defendant has failed to provide statements and cancelled checks pertaining to his checking account ending in 3565 for the years 2005, 2006, and 2011, and has failed to provide any statements pertaining to his checking

account ending in 0893, notwithstanding that both he and counsel were advised of the deficiencies, yet have failed to remedy them.

63.     Defendant's failure to keep or provide such bank documents constitutes concealment, destruction, mutilation, and/or failure to keep or preserve those documents, and such act or failure to act is not justified under any circumstances in this case.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR
## DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)(A)

64.     Plaintiff repeats and realleges paragraphs 1 through 63 as if set forth herein at length.

65.     Pursuant to 11 U.S.C. § 727(a)(4)(A), a Defendant can be denied a discharge where he "knowingly and fraudulently, in or in connection with the case, made a false oath or account." 11 U.S.C. § 727(a)(4)(A).

66.     As and for a first basis for this cause of action, as described herein, _infra_, defendant states that the aggregate balance in his accounts on deposit with Chase Bank, while, upon information and belief, among between two and five accounts, defendant had a significantly greater sum of money on deposit at that time.

67.     As and for a second basis for this cause of action, defendant lists account balances on multiple credit card-based unsecured debts in Schedule F of his petition, whose balances are exactly identical to balances listed on the same accounts in his 2008 Chapter 13 bankruptcy petition.

68.     As described herein, defendant admitted during the Rule 2004 examination that the amounts listed in his current petition were not based on the actual balances but, rather, were simply gleaned from his 2008 petition.

69.     As and for a third basis for this cause of action, defendant lists, in Schedule F of his petition, a balance on his WFNB Fortunoff credit card of $43,218.00.

70.     Defendant admitted during the Rule 2004 examination that this was a grossly inflated sum of money, in that the balance on that account was more likely less than $5,000.00.

71.     As and for a fourth basis for this cause of action, defendant lists, in his Statement of Financial Affairs, an income for the year of 2010 of $87,000.00.

72.     According to defendant's 2010 federal income tax return, he earned $121,635.00 during the year of 2010.

73.     Defendant admitted during the Rule 2004 examination that the amount indicated in his Statement of Financial Affairs was different than the actual amount he earned.

74.     As and for a fifth basis for this cause of action, defendant lists, in his Statement of Financial Affairs, an income for the year of 2009 of $87,000.00. He further states that this amount is based on his "2009 Income Tax."

75.     According to defendant's 2009 federal income tax return, he earned $102,853.00 during the year of 2009.

76.     Further supporting this basis for this cause of action, the fact that he indicated in his petition that the amount of $87,000.00 was based upon "2009 Income Tax" underscores the deliberate, knowing, and fraudulent nature of that false oath.

77.     As and for a sixth basis for this cause of action, defendant states, in his Statement of Financial Affairs, that he neither holds nor controls any property owned by another person.

78.     As described herein, _supra_, defendant handles the day-to-day affairs of 137 Franklin Street, LLC, collects and deposits rents from the residential tenants in property owned

by that entity, has been provided a debit card for access to the accounts of that entity, and has either official or unofficial check-writing privileges on the accounts of that entity.

79.    As and for a seventh basis for this cause of action, defendant states, in his Statement of Financial Affairs, that he has never been an "officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietorship, or was self-employed. . . ." within the six years preceding the commencement of this case.

80.    Upon information and belief, defendant was an executive, and/or the chief executive, and/or an officer, and/or the president of Best Street Foods, which was a corporation or limited liability company whose principal place of business was either 137 Franklin Street, in Brooklyn, New York, or 13-19 145th Place, in Whitestone, New York.

81.    As and for an eighth basis for this cause of action, defendant states, in Part II of his Chapter 7 Statement of Current Monthly Income and Means-Test Calculation, that his gross wages, salary, tips, bonuses, overtime, and commissions for the six months preceding the filing of his petition, averaged, monthly, to $6,840.00.

82.    According to the pay stubs that defendant provided in response to this Court's July 18, 2011 Order, defendant's average monthly income for the six months preceding the filing of his bankruptcy petition was significantly greater than that sum reported.

83.    As and for a ninth basis for this cause of action, defendant states, in Part III of his Chapter 7 Statement of Current Monthly Income and Means-Test Calculation, that his household size is five persons.

84.    During the Rule 2004 examination, defendant stated that he only lived with his wife and two children, making for a total household size of four, and not five.

85.     When asked why he indicated that his household had five members, he stated, sarcastically, that it was because he added his dog to that total. He then admitted that the indication that his household size was five was incorrect.

86.     This statement was fraudulent in that it was made with the intent of fraudulently conveying that he should have a greater exemption than that to which he was entitled.

87.     As and for a tenth basis for this cause of action, defendant states, in his Statement Pursuant to Local Bankruptcy Rule 1073-2(b), that "no related case is pending or has been pending at any time."

88.     Defendant was a Defendant in a Chapter 13 proceeding filed in this Court on or about August 13, 2008, which was later dismissed. That case was a "related case" for purposes of LBR 1073-1 and 1073-2.

89.     As and for an eleventh basis for this cause of action, defendant stated, at the Section 341 meeting, that he gave approximately $150,000.00 from the proceeds of the sale of his 14-20 146th Street property to his sister, Athina Psaroudis, to assist her in her purchase of real property, and he gave an additional approximately $150,000.00 to his parents, Antonios Psaroudis and Theodora Psaroudis, from those proceeds. Defendant specifically stated that those sums were given as gifts. Defendant further specified that the sums given to his family members were not loans.

90.     During the Rule 2004 examination, defendant stated that he gave the sum to Athina Psaroudis because he was instructed to do so, rather than as an unconditional gift, and that he gave the sum to his parents to repay them for monies that they had given him so that he could purchase the 14-20 146th Street property on their behalf.

91.    Upon information and belief, defendant now falsely stated that the monies given to his family were owed to them, rather than gifts, because he fraudulently wished to avoid the possibility that they might be deemed fraudulent conveyances.

92.    As and for a twelfth basis for this cause of action, defendant stated, at the Section 341 meeting, that he is "not involved . . . at all with" a property in Brooklyn, New York, belonging to 137 Franklin Street, LLC. He then reiterated that he has "no involvement" with the property belonging to that entity.

93.    During the Rule 2004 examination, defendant admitted that he handles all of the day-to-day affairs of 137 Franklin Street, LLC, including taking responsibility for repairs associated with the residential apartments leased by that entity in the building located at 137 Franklin Street in Brooklyn, New York, collecting rents from the tenants, directing that rents be forwarded to him at his residence at 13-19 145th Place in Whitestone, depositing rents into a bank account held by 137 Franklin Street, LLC, writing checks to, and on behalf of, 137 Franklin Street, LLC, and maintaining, holding, and routinely using a debit card belonging to the bank account held by 137 Franklin Street, LLC.

94.    Upon information and belief, defendant had failed to disclose his involvement with 137 Franklin Street, LLC, because he wished to conceal the identity of an entity with whom he had significant financial involvement, and to whom he fraudulently conveyed significant sums of money.

95.    As and for a thirteenth basis for this cause of action, defendant stated, at the Section 341 meeting, that he did not know whether his parents had "involvement" with 137 Franklin Street, LLC.

96.     Defendant then admitted, after questioning from the Trustee, that he had involvement with the owners of the property at 137 Franklin Street, whom he identified as his parents. This prompted scolding from the Trustee that defendant had to be honest, and could not "get through it" unless he was honest.

97.     Defendant then stated that other than his parents being the owners of the property, defendant had no involvement with it.

98.     That statement, under oath, was directly at odds with his admissions at the Rule 2004 examination, described herein, identifying the many day-to-day operations that he handles on behalf of 137 Franklin Street, LLC.

99.     Moreover, defendant further admitted at the Rule 2004 examination that his parents are the sole owners of 137 Franklin Street, LLC.

100.    As and for a fourteenth basis for this cause of action, during the Section 341 meeting, defendant stated that he has never owned a business.

101.    Upon information and belief, based upon a public records search as well as searches conducted via Internet-based business searches, defendant has been an owner of Best Street Foods, LLC.

102.    As and for a fifteenth basis for this cause of action, as stated above herein, defendant stated during the Rule 2004 examination that he only had one checking account, a custodian account for his children, and a savings account.

103.    Defendant further stated during the Rule 2004 examination that he had not possessed any other checking accounts for at least ten years.

104.    Defendant later admitted, and he produced a series of checks that reflected, that he possesses or possessed at relevant times, at least one additional checking account in his name.

He also admitted at the Rule 2004 examination that when he had previously stated that he only possessed one checking account, that was "untrue," or "incorrect."

105.    As and for a sixteenth basis for this cause of action, defendant stated during ther Rule 2004 examination that he has never been called "Constantino Psaroudis," even though during testimony at a hearing conducted in New York State Supreme Court, on May 9, 2011, in connection with the case underlying his debt to Plaintiff, Defendant readily admitted that he has been called Constantino Psaroudis.

106.    Upon information and belief, Defendant testified falsely regarding whether he had ever been referred to as "Constantino" because he was sued as "Constantino" in the underlying action leading to Plaintiff's judgment against him, and he believes that by saying he has never been called "Constantino," he might avoid liability to Plaintiff.

107.    As and for a seventeenth basis for this cause of action, defendant stated during the Rule 2004 examination that he had attempted to obtain statements pertaining to each and every one of the credit card accounts listed in Schedule F of his petition, but that he could not obtain the statements because his accounts had been referred to collection agencies.

108.    Upon information and belief, it is highly improbable that each and every credit card issue purged their files pertaining to defendant merely because the accounts held by him were referred to collection agencies.

109.    As and for an eighteenth basis for this cause of action, defendant stated during the Rule 2004 examination that his driver license indicates an address at which he states he has not resided since 2004 to 2005. He stated that the reason he has not changed the address on his license since then because he "never bothered" to do so because he "ha[d]n't got[ten] a chance to go to Motor Vehicle and get it changed.

110.    Yet, defendant admitted that he has registered vehicles at that address in the meantime, notwithstanding that that involves a process as well.

111.    Upon information and belief, the fact that defendant has not lived at the house on his driver license in at least six years, but that he has maintained that address on the license, and has registered vehicles there, strongly implies that the reason he has not changed it is not merely because he has not had the "chance" to get it changed, but that there is some intention behind the failure to update his address.

112.    As and for a nineteenth basis for this cause of action, defendant stated during the Rule 2004 examination that the account ending 0893 had been opened exclusively for the purpose of handling the funds from the sale of the property at 14-20 146th Street, in order to keep those funds separate from his personal funds.

113.    Defendant admitted, however, during the Rule 2004 examination, that he routinely withdrew funds from that account for other purposes, including, but not necessarily limited to, paying his own mortgage, to provide monies to his brother, Dimitrios Psaroudis, and his grandfather, Dimitrios Manolis.

114.    As and for a twentieth basis for this cause of action, defendant stated that the amounts of income listed on his petition for the years 2009 and 2010 were based upon his "base pay," notwithstanding that his overtime pay brought that sum substantially higher, notwithstanding that the form requires that overtime pay be included, and notwithstanding that he admitted that he signed the petition, swearing under penalty of perjury to the accuracy of its contents.

115.    Defendant alleged at the Rule 2004 examination that he believed he could just "forget about [his] overtime."

116.    As and for a twenty-first basis for this cause of action, defendant stated that he trusted his attorney and, therefore, did not read the petition but "just signed it."

117.    Just above defendant's signature in the petition, the language reads that the signer has read the answers in the petition.

118.    In addition, defendant reiterated that he did not try to ensure that his bankruptcy petition was accurate, that he did not "care to look it over [himself]," and that he never compared any of the sums or numbers it contained, notwithstanding that he was not present when he attorney completed the form.

119.    As and for a twenty-second basis for this cause of action, defendant stated during the Rule 2004 examination that the balances listed in Schedule F of his petition were "ballpark" estimates. He revealed the reason for providing such estimates as being, "if you owe [$]4,300 or you know, $4,000, is there a big difference? It's $300."

120.    Defendant further acknowledged that a balance of $43,218.00 on a Fortunoff credit card was "probably a misprint."

121.    As and for a twenty-third basis for this cause of action, as stated above, defendant reported that the balance on his retirement account on deposit with the Deferred Salary Plan of the Electrical Industry was $80,000.00, when, in actuality, it was approximately $172,350.37, at the time of filing, which is more than double the amount declared in the bankruptcy petition.

122.    Defendant admitted during the Rule 2004 examination that the sum of $80,000.00 reflected in his petition was inaccurate.

123.    Upon information and belief, each and every articulated basis for this cause of action was knowing and fraudulent on the part of defendant, in that each and every articulated act was done in furtherance of his efforts to conceal assets that he possesses, to conceal the

identity of individuals or other entities to whom he has fraudulently conveyed assets, and to conceal incomes he has received during all times relevant to this proceeding.

124.    Upon information and belief, Defendant's false statements throughout this proceeding have been in furtherance of obtaining a discharge to which he is not otherwise entitled, and have been intended to prevent Plaintiff and the other creditors from obtaining monies to which they are entitled.

125.    Each of the separate articulated bases for this cause of action individually, jointly, and severally, constitutes a basis to deny defendant a discharge.

**AS AND FOR A FIFTH CAUSE OF ACTION FOR
DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)(B)**

126.    Plaintiff repeats and realleges paragraphs 1 through 125 as if set forth at length herein.

127.    Pursuant to 11 U.S.C. § 727(a)(4)(B), a Defendant can be denied a discharge where he "knowingly and fraudulently, in or in connection with the case, . . . presented or used a false claim." 11 U.S.C. § 727(a)(4)(B).

128.    Plaintiff respectfully incorporates the false oaths described in the Fourth Cause of Action herein, as also having constituted false claims.

129.    Upon information and belief, each and every articulated basis for this cause of action was knowing and fraudulent on the part of defendant for each and every reason set forth in the Fourth Cause of Action herein.

130.    Each of the separate articulated bases for this cause of action individually, jointly, and severally, constitutes a basis to deny defendant a discharge.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR
## DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)(D)

131.    Plaintiff repeats and realleges paragraphs 1 through 130 as if set forth at length herein.

132.    Pursuant to 11 U.S.C. § 727(a)(4)(D), a Defendant can be denied a discharge where he "knowingly and fraudulently, in or in connection with the case, . . . withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the Defendant's property or financial affairs. 11 U.S.C. § 727(a)(4)(D).

133.    At the Section 341 meeting, the Trustee, an officer of Defendant's estate, specifically requested that he provide documentary proof of the transfer of monies from the proceeds of his sale of the property located at 14-20 146th Street to Antonios Psaroudis and Theodora Psaroudis.

134.    Upon information and belief, defendant has not provided the proof of transfer of those monies that was demanded by the Trustee.

135.    Moreover, Plaintiff's counsel has demanded same, but has also been refused such documents.

136.    Upon information and belief, defendant's refusal to provide these documents was knowing and fraudulent in that Defendant is willfully attempting to conceal transfers that might otherwise disclose assets possessed by Defendant, or assets that were fraudulently conveyed to his family.

**AS AND FOR A SEVENTH CAUSE OF ACTION FOR**
**DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(5) FOR FAILURE**
**TO SATISFACTORILY EXPLAIN LOSS OF ASSETS**

137.    Plaintiff repeats and realleges paragraphs 1 through 136 as if set forth at length herein.

138.    Pursuant to 11 U.S.C. § 727(a)(5), a Defendant can be denied a discharge where he "has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets. . . ." 11 U.S.C. § 727(a)(5).

139.    As is detailed above, defendant provided incomplete collections of bank statements pertaining to one of two relevant checking accounts that he possesses or has possessed. Those statements reflect that substantial sums of money, far exceeding an amount sufficient to pay his debt to Plaintiff, have mysteriously disappeared. Defendant has failed to satisfactorily explain to where those funds were secreted.

**AS AND FOR AN EIGHTH CAUSE OF ACTION FOR**
**DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(5) FOR FAILURE**
**TO SATISFACTORILY EXPLAIN DEFICIENCY OF ASSETS TO MEET LIABILITIES**

140.    Plaintiff repeats and realleges paragraphs 1 through 139 as if set forth at length herein.

141.    Pursuant to 11 U.S.C. § 727(a)(5), a Defendant can be denied a discharge where he "has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any . . . deficiency of assets to meet the Defendant's liabilities." 11 U.S.C. § 727(a)(5).

142.    Defendant readily admitted that the only reason he has filed the instant bankruptcy petition is to avoid the judgment that he owes Plaintiff. During the Rule 2004 examination, defendant stated that with respect to his other debts, he was engaged in a debt

consolidation program whereby he expected to pay his debts off within four years. He could not adequately explain why at that point, when he presumably would be debt-free, he could not pay Plaintiff's debt. This is particularly the case where his annual income, according to his most recent tax return, was over $121,000.00.

143.    Moreover, this is further the case because defendant admits that a debt to a credit card issuer listed in his petition as amounting to $43,218.00, was inaccurately inflated by approximately $40,000.00.

144.    In addition, further underscoring his lack of entitlement to discharge under this sub-section, defendant listed his annual income as being approximately sixty per cent of the actual amount, and inaccurately listed 5 persons as his household size, when it is actually only 4.

**AS AND FOR A NINTH CAUSE OF ACTION FOR**
**DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(6)(A)**

145.    Plaintiff repeats and realleges paragraphs 1 through 144 as if set forth at length herein.

146.    Pursuant to 11 U.S.C. § 727(a)(6)(A), a Defendant can be denied a discharge where he "has refused in the case to obey any lawful order of the court, other than an order to respond to a material question or to testify." 11 U.S.C. § 727(a)(6)(A).

147.    As is detailed herein, this Court directed defendant to provide to Plaintiff's counsel a series of documents in the Court's July 18, 2011 Order. Notwithstanding repeated requests by counsel, defendant and his attorneys failed to provide anything reasonably responsive to the Court's order until September 2011 and later.

148.    In fact, it was not until Plaintiff filed a contempt motion (which has been adjourned without decision) that defendant and his attorneys began providing any documents reasonably responsive to the Order.

149.    Moreover, as of the date of the filing of this Complaint, defendant has still failed to provide certain documents, which are detailed herein, supra, in paragraph 33.

## AS AND FOR A TENTH CAUSE OF ACTION FOR
## ALLOWANCE OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. § 503

150.    Plaintiff repeats and realleges paragraphs 1 through 149 as if set forth herein at length.

151.    Pursuant to 11 U.S.C. § 503, a creditor and/or her counsel can recover administrative expenses, including reasonable attorney's fees, incurred when those efforts provide substantial benefit to the Defendant's estate.

152.    Plaintiff's counsel has expended tremendous efforts in preserving defendant's estate, including the expenditure of dozens of hours of legal time, the obtaining of an independent appraisal of defendant's real property, and the conducting of a Rule 2004 examination.

153.    Plaintiff's counsel's efforts have revealed significant facts and evidence, detailed herein, that establish (a) that defendant is woefully undeserving of discharge, and (b) that assets likely exist to pay defendant's creditors.

154.    Accordingly, Plaintiff's counsel is entitled to reasonable administrative expenses, including attorney's fees.

**WHEREFORE**, Plaintiff demands judgment against defendant as follows:

A.    On Plaintiff's First Cause of Action, for an order and judgment denying defendant a discharge in bankruptcy; and

B.    On Plaintiff's Second Cause of Action, for an order and judgment denying defendant a discharge in bankruptcy; and

C.      On Plaintiff's Third Cause of Action, for an order and judgment denying defendant a discharge in bankruptcy; and

D.      On Plaintiff's Fourth Cause of Action, for an order and judgment denying defendant a discharge in bankruptcy; and

E.      On Plaintiff's Fifth Cause of Action, for an order and judgment denying defendant a discharge in bankruptcy; and

F.      On Plaintiff's Sixth Cause of Action, for an order and judgment denying defendant a discharge in bankruptcy; and

G.      On Plaintiff's Seventh Cause of Action, for an order and judgment denying defendant a discharge in bankruptcy; and

H.      On Plaintiff's Eighth Cause of Action, for an order and judgment denying defendant a discharge in bankruptcy; and

I.      On Plaintiff's Ninth Cause of Action, for an order and judgment denying defendant a discharge in bankruptcy; and

J.      On Plaintiff's Tenth Cause of Action, for:

   i.      Reasonable attorney's fees incurred in the administration of defendant's estate in bankruptcy;

   ii.     Reasonable costs and disbursements incurred in the administration of defendant's estate in bankruptcy; and

   iii.    Reasonable costs and attorney's fees in the prosecution of the instant adversary proceeding; and

K.      Such other relief as this Court deems just, equitable, and proper.

Dated:  Great Neck, New York
        March 9, 2012

The Law Offices of Ira S. Newman
*Attorney for Plaintiff Evanthia Valiotis*


s/ Andrew S. Holland
By:  ANDREW S. HOLLAND
     Associate Attorney

98 Cutter Mill Road, Suite 441-South
Great Neck, New York 11021
(516) 487-7375